### H. T. COTTAM & CO., Inc., v. GUEYMARD.
### No. 1459.

Court of Appeal of Louisiana. First Circuit.
May 14, 1935.

Schwing & Obier, of Plaquemine, and Sanders & Miller, of Baton Rouge, for appellant.

Joseph Nicolosi, of Plaquemine, and D. Thomas Salsiccia, of New Orleans, for appellee.

ELLIOTT, Judge.

H. T. Cottam & Co., Inc., alleges that Mrs. Felicie Babin, widow of Adolph Gueymard, is indebted unto it for goods and merchandise in the sum of $507.52, and prays for judgment against her for said amount.

Mrs. Gueymard for answer denies that she is indebted to the plaintiff. Her defense is that she managed the plantation store belonging to her husband; that the debt in question was due by her husband as head of the legal community of acquêts and gains which existed between them.

There was judgment in favor of the plaintiff for $500.17. Defendant has appealed.

The evidence indicates that the store in question was at one time the property of defendant's husband. He died on March 15, 1932. According to Mrs. Gueymard, about a year or fifteen months previous to his death, he placed the store in her name, and she afterwards publicly carried on the business in her name. After it was placed in her name, all the goods purchased for it were purchased in her name and all payments on account of goods bought were paid in her name. After her husband's death, she continued to operate the store in her name, just as it was done while he was living. Payments made after his death were imputed to that part of the account due at the time of his death; that part of the account contracted before his death and that part afterwards, and the payments as imputed appear on an account annexed to the petition. Mrs. Gueymard gives the following explanation as to how the account came to be placed in her name: "Q. How did you become connected with the store in question, Mrs. Gueymard? A. Well, the reason I took it over was to facilitate matters. My husband was involved in two plantations, one rice and cane, and he figured it would be a whole lot less trouble to him if the store was put in my name."

The law (Civ. Code, art. 131) provides: "If the wife is a public merchant, she may, without being empowered by her husband, obligate herself in anything relating to her trade. * * * She is considered as a public merchant, if she carries on a separate trade, but not if she retails only the merchandise

belonging to the commerce carried on by her husband."

There is some conflict between the testimony of the defendant and that of Mr. Schneider, formerly in the service of the plaintiff, concerning statements which he claims she made to him after her husband's death. But the evidence, taken as a whole, satisfies us that defendant was a public merchant, and, as such, contracted the debt due the plaintiff. The business was conducted in her name continuously after her husband placed it in her name, and after his death she carried on the business in her name. The evidence justifies the conclusion that she carried on a separate trade while her husband was living; that the store which she operated was not merchandise belonging to the commerce carried on by her husband.

The lower court, assigning written reasons for its conclusion, held that the plaintiff was entitled to judgment against the defendant for $500.17.

The judgment appealed from is, in our opinion, correct.

Judgment affirmed; defendant to pay the cost in both courts.